Good morning. May it please the Court. My name is Jeffrey Martins, and I represent the Petitioner Jaspreet Singh. Good morning, Mr. Martins. Good morning. Thank you. I'd like to reserve two minutes of my time for any rebuttal. There are two critical questions before the Court in this case. The first is whether or not the Board's finding that corroborative evidence was required is proper, even when the Board also stated that the judge's adverse credibility finding was insufficient because of reliance on minor discrepancies, reliance on evidence not properly admitted into the record. The second question is whether or not credible testimony alone can meet the clear and convincing standard for demonstrating that an asylum application was timely filed within the first year of entry. And I'd like to begin with that second question first to make a few comments about that. Last week I sent the Court a 20HA notice regarding a case that was decided just last month by the Ninth Circuit on Bank, where the Court stated that testimony alone can meet the clear and convincing standard. If it's credible. If it's credible, right. If it's not credible, then this doesn't help. That's true. And as recognized by counsel, the statutory analysis conducted by the Court in that case was regarding whether or not the Real ID Act requirements for corroborative evidence also apply to the one-year filing deadline. Because what I was getting at is the problem in your case is that your guy was found not to be credible. Well, by the immigration judge. The Board said that those findings were not sufficient. Well, but what the Board said, and I guess what I want to understand is why its logic is not good enough. The Board said that the adverse finding was not clearly erroneous. So it didn't disagree with it in that sense. But what the Board then said was that there were enough questions about credibility, including Exhibit 2A and discrepancies in testimony, that corroboration could be demanded. And in the absence of it, he would be disbelieved. And what's wrong with that logic? Under our prior law, if there was a question about credibility, corroboration could be demanded on pain of finding the person not credible. That's correct, Your Honor. Prior to the REAL-ID Act, when Mr. Singh's application was filed, the Ninth Circuit law governing corroborative evidence requirements was by Sidhu via INS. And in that case, the Court said that there had to be a reason to question credibility. And I think that the difference between this case and Sidhu is really the Court's finding that the credibility finding by the judge was insufficient. Well, insufficient all by itself, but sufficient to raise a question requiring corroboration. I mean, that's what the Board said, that it may not be enough by itself, but it's certainly enough to raise a red flag that maybe this guy's not telling the truth. So what's wrong with its conclusion in that regard? Well, Your Honor, I mean, we can discuss each basis that the judge used for an adverse credibility finding, but there are certainly reasons that the judge cites for the requirement for additional corroborative evidence that the Board affirmed. But I think the Board's finding that those were insufficient is enough to say that  evidence. And also the previous findings by the Ninth Circuit that when each of the IJA's or BIA's proffered reasons for an adverse credibility finding fail, then they have to accept the Petitioner's testimony as well. Look at page 2 of the Board's decision, which is at AR3. Their specific holding is that three items provide a legitimate basis to require corroboration. Right. Is it your contention that none of those three things on which the BIA relies there is permissible? Yes, Your Honor. Yes. And I think that each of those three items is mentioned as well in the page, the first page of the BIA decision, saying that those were not sufficient to find Mr. Singh not credible. Now, there are reasons that the BIA cites and the judge cites to require the corroborative evidence, but if there's no basis in the record or that they're found to be insufficient, then I don't think they can support a requirement for more evidence. And I think that fails to do tests, that there has to be a good reason for questioning the credibility. The judge could say that. Well, that becomes kind of circular, doesn't it? In other words, is it your contention that our prior law was that in order to require corroboration, the question about credibility had to be conclusively established, so there's no point in even going to the corroborative evidence? Do you understand what I'm saying? It seems like a lower threshold of potential credibility problems for requiring corroboration than for saying flat out, I'm done, I don't care about corroboration, this person's not telling the truth. I think that was part of the problem with this to-do holding, because it didn't really establish that standard from at what point is adverse credibility, the findings of the judge, sufficient to find a person not to be credible versus how much question does there have to be in order to require corroborative evidence? There's an in-between area there which was never really defined by the court. But I think the problem with this holding by the board and the judge is that, as recognized by the board, the findings of the judge were insufficient to sustain a finding of adverse credibility. There are reasons that are cited. But, for example, the judge could say, I don't believe asylum seekers. That's a reason, but it's not a valid reason. I don't think the court would say that is enough to require corroborative evidence. Or, as counsel suggested in their brief, that because there are a number of fraudulent applications from Indian asylum seekers, if the judge stated, I don't believe Indian asylum seekers, that's also not valid. Suppose he says the man presented a document that appears to have been altered without any explanation for that. That wasn't a concern of the judge in this case, definitely, although I think the judge herself recognized that there could be two possible explanations for why there was a blank space on the affidavit of the father. It could have been altered through some kind of fraudulent act or it could have been just, you know, innocent error that was being corrected or just a type of fraud. But your guy has no explanation for it and he's the proponent of the document. Well, his explanation was that he received it that way. I know, but it's altered. Well, it's not entirely clear because he didn't have the original copy. He lost it at the time. So he couldn't provide it to the court. That is another requirement of the statute test is that the documents that are being required have to be easily available. And each of the documents that the board identified, the judge didn't identify any at all, but each of the ones that the board identified, Mr. Sink explained, were not available. He asked for the board required a letter from the AISSF, and Mr. Sink stated he had attempted to do that. On the merits of that, of the aside from credibility, what about the fact that it was the father that was the one who was politically active and the father is still there and doesn't seem to have any problems being there? That was, Your Honor, a kind of alternative holding by the immigration judge. The board relied just based on the lack of corroborating evidence. So that was never considered by the board, whether or not there was a well-founded fear or whether or not it had been, whether or not he had suffered past persecution and had rebutted by internal relocation or country conditions. Any of those other considerations was never considered by the board. Well, I'm interested in how you would dispel what the immigration judge found. He found the father is still there. Is there any question about that? Well, that is a consideration that is allowed in determining whether or not an individual has a well-founded fear, whether or not family members are still present. But there could be differences in their situation or other things that could account for why one individual in a family could be at risk of harm and the other not. Well, but there was not much question, but it was the father that was politically active, and the claimant here maybe was politically active, but certainly not to the extent the father was. Right. And those questions simply weren't really explored in the immigration court by any of the counsels or the judge at the time. So there's just not very much information about any kind of difference between the father and the son's circumstances. But, again, a question, although it is, I think, important, is not before the Court at this time. But I also do see that I'm out of time. You've got about 30 seconds left for rebuttal. Let me reserve that. Thank you very much. Good morning. May it please the Court, Amulet Handuber on behalf of the Respondent, the Attorney General. Good morning. The agency's factual determinations in the instant case are supported by substantial evidence. Petitioner had due process, and three separate adjudicators determined that he is not eligible for any relief from removal. Petitioner is not eligible for asylum because he did not establish by clear and convincing evidence that he filed for asylum within one year of arrival in the United States. And this Court lacks jurisdiction to review that discretionary determination. Additionally, Petitioner is not eligible for any relief from removal because he was found not credible. Petitioner was found not credible due to inconsistencies in the record, as well as the submission of a fraudulent document. The adverse credibility determination is supported by substantial evidence and is dispositive of all Petitioner's applications for relief. Petitioner, in his 28J letter, Cites II, Singh v. Holder, in establishing that this one-year bar determination can be reviewed as a question of law because it is – because the agency may not be allowed to require corroborating evidence in establishing the filing deadline. However, that case is plainly distinguishable from the present case. That case is a post-Real ID Act case where the statute at issue is not applicable here. This case is a pre-Real ID Act case and the application for asylum was filed before the effective date of the statute. Additionally, in Singh, the Petitioner was found credible. And here, the immigration judge, as affirmed by the Board, made an explicit adverse credibility determination. Well, the BIA didn't just affirm, though. The BIA substituted its own reasoning. So don't we just review what the BIA did? Yes, Your Honor. The Board did conduct an independent review, and so the decision on review here is the Board's determination. The Board, however, did not scrap the immigration judge's adverse credibility finding. They simply emphasized that certain aspects of it supported the adverse credibility determination, whereas other aspects would be independently insufficient to support an adverse credibility determination under this Court's case law. That adverse credibility determination was based on the submission of a photocopy of the father's affidavit, which on its face appeared altered. And when Petitioner was questioned about that alteration, he at first stated that he could explain it, and then he was silent on the record. And then finally, he admitted that he could not explain it and that he received a document that way. As this Court set out in Desta, where a – where the Petitioner provides an altered document purporting to establish participation in a persecuted group, that submission can form the basis of an adverse credibility determination. Additionally, the Board determined that Petitioner gave incorrect and nonspecific information regarding his political activities in India. He could not – first, he identified the political party as being a social organization. Additionally, he stated that he had no position in the AISSF, but then stated he was able to address rallies. Finally, he also gave incoherent and inconsistent testimony regarding his voting record. He at first stated that he had only voted in 1999, and when asked what candidate he voted for, he then stated that he wouldn't talk about the elections of 1997. He then stated that he had, in fact, voted in 1997. And asked why he said that he only voted in 1999, he stated that he wasn't going to talk about 1997. He then admitted that he had actually voted in 1997. These inconsistencies brought the Petitioner's credibility into question, and it was completely permissible for the immigration judge at that time to require corroboration. And Petitioner did not corroborate his claim. Specifically, the immigration judge did ask him about medical records corroborating his claims of injuries. He also was asked for membership documents, establishing his membership in the political party, as well as the original of his father's affidavit. Petitioner at no time said that these documents were not obtainable. In fact, he only stated that he did not have them and did not know that he should present them. There's nothing in the record that compels the conclusion that this corroborating information was not available to the Petitioner. In fact, he testified that he speaks regularly to his family members in India and that these documents were at the family home in India. Accordingly, the Petitioner's failure to corroborate his claim was fatal to his claim, as this Court set out in Sidhu. That is a totally permissible determination by the agency. In conclusion, the adverse credibility determination is supported by substantial evidence, and this Court should deny the petition for review. Thank you. Roberts. Judge Hogg, any questions? No. Okay. Thank you very much. Mr. Martin's back to you. You have about 30 seconds left. Thank you, Your Honor. First, I just wanted to spell one problem with the facts. In this case, the ISSF is not a political party. That was an error made by the judge, and that's part of the problem with requiring corroborative documents based on any reason the judge states, because they're not based in the record. Secondly, the statute requiring clear and convincing evidence that an application was filed timely is the same pre- and post-Real ID Act. The Real ID Act didn't change that standard in any way. So the testimony that Mr. Singh gave about his entry to the United States was credible and detailed, and the application should be found timely. Thank you, Mr. Martin. Thank you very much. Mr. Hangenberg, thank you as well. The case just argued is submitted. Good morning.
judges: Hug, Silverman, Graber, Cjj